IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

**ANTONIO BONE,**

    **Plaintiff,**

**v.**

    No.: _____

**GAFFNEY ENTERPRISES, LLC,**
**d/b/a JUDAH ELITE TRAVEL, and**
**SHAUN M. GAFFNEY,**

    **JURY DEMAND**

    **Defendants.**

## COMPLAINT

PLAINTIFF, ANTONIO BONE, brings this action against the Defendants for claims arising under the Fair Labor Standards Act.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has personal jurisdiction over Plaintiff. The Court has personal jurisdiction GAFFNEY ENTERPRISES, LLC, d/b/a JUDAH ELITE TRAVEL ("Judah"), which is a Tennessee limited liability company. Judah may be served by and through its registered agent, Shaun M. Gaffney, 3405 Old Anderson Road, Unit 229, Antioch, Tennessee, 37013-6000. The Court has personal jurisdiction over the individual defendant, who is a resident of Davidson County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because

a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Defendants. During his employment with Defendants, Plaintiff was a covered employee under the FLSA.

5. Defendants are covered employers under the FLSA. Plaintiff was employed by Judah. Defendant Gaffney has been a person acting directly or indirectly in the interest of all Defendants in relation to the Plaintiffs and is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d)

## II. INTRODUCTION

6. Plaintiff brings this claim under the FLSA, 29 U.S.C. § 216(b) for minimum wage compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA.

## III. FACTUAL BASIS FOR SUIT

7. Judah is a transportation company with business in at least three states. Plaintiff drove for Defendants.

8. Plaintiff worked for Defendants at an hourly rate.

9. Plaintiff worked for Defendants certain days during the weeks of April 24, October 16, and October 23, 2022, for which Defendants did not compensate Plaintiff at all.

10. By failing to pay Plaintiff at all, Defendants failed to pay Plaintiff the minimum wage for the weeks of April 24, October 16, and October 23, 2022.

## IV.  CAUSES OF ACTION

11. The forgoing facts are incorporated by reference as if fully stated herein.

12. Plaintiff brings the following cause of action against Defendants:

    A. Willful failure to pay minimum wages in violation of the Fair Labor Standards Act of 1938; and

    B. Unjust enrichment/Quantum Meruit/Breach of Contract.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

13. An award to Plaintiff in the amount of unpaid compensation to be proven at trial;

14. An award to Plaintiff of interest and liquidated damages in an amount equal to the compensation shown to be owed to him pursuant to 29 U.S.C. § 216(b);

15. An award to Plaintiff of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b); and

16. A trial by jury.

Respectfully Submitted,

/s/Kerry Knox
Kerry Knox, BPR #23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000

/s/Thomas B. Luck
Thomas B. Luck, #022897
200 Nashboro Blvd.
Nashville, TN 37217
(615) 885-9699

3